# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRYL TYRONE FOSTER,<br><br>                          Plaintiff,<br><br>v.<br><br>W.J. SULLIVAN, Warden,<br><br>                         Defendant. | Case No. 3:20-cv-0408-LAB-WVG<br><br>**SUMMARY DISMISSAL OF SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION** |

Petitioner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, this case is summarily dismissed pursuant to 28 U.S.C. § 2244(b)(3)(A).

## PETITION BARRED BY GATEKEEPER PROVISION

The instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his August 31, 2006 conviction in San Diego County Superior Court Case No. SCD195407. On September 28, 2011, Petitioner filed in a Court a Petition for Writ of Habeas Corpus in case number 3:11-cv-2270-LAB-WMC. In that petition, Petitioner challenged his August 31, 2006 conviction as well. On August 26, 2013, this Court dismissed the petition because it had been filed after the expiration of the one-year statute of limitations. (*See* Order filed Aug. 26, 2013 in case No. 3:11-cv-2270-LAB-WMC (ECF No. 39).) Petitioner appealed that determination.

1

On November 20, 2013, the Ninth Circuit Court of Appeals denied Petitioner's request for certificate of appealability. *See Foster v. Cate*, No. 13-56776 (9th Cir. Nov. 20, 2013).

Petitioner is now seeking to challenge the sentence imposed as a result the conviction he challenged in his prior federal habeas petition. Unless a petitioner shows he has obtained an Order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. *See* 28 U.S.C. § 2244(b); *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (holding a petition is successive where it challenges "the same custody imposed by the same judgment of a state court" as a prior petition); *see also McNabb v. Yates,* 576 F.3d 1028, 1030 (9th Cir. 2009) (concluding dismissal for failure to comply with one-year statute of limitations renders subsequent petitions challenging the same conviction or sentence "second or successive"). A successive application is permissible "only if it rests on a new rule of constitutional law, facts that were previously unavailable, or facts that would be sufficient to show constitutional error in the petitioner's conviction." 28 U.S.C. § 2244(b)(2). "Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court." *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir.2008). Here, there is no indication the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition.

## CONCLUSION

Because there is no indication Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his Petition. Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals.

Further, Petitioner has failed to make "a substantial showing of the denial of a constitutional right," and reasonable jurists would not find debatable this Court's

assessment of his claims. *See* 28 U.S.C. § 2253(c). As such, a certificate of appealability is **DENIED**. *See* Rules Governing § 2254 Cases, Rule 11(a) (requiring the district court that issues an order denying a habeas petition to either grant or deny a certificate of appealability). *For Petitioner's convenience, the Clerk of Court shall attach a blank Ninth Circuit Application for Leave to File Second or Successive Petition.*

**IT IS SO ORDERED**.

DATED: March 4, 2020

Larry Alan Burns
Chief United States District Judge